UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINA SCOULLER,<br><br>                    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C16-5725-JLR-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Tina Scouller proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1960.[1] She obtained her GED and previously worked transferring cars.  (AR 51.)

---

[1] Plaintiff's date of birth is redacted back to the year in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files.

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff filed DIB and SSI applications in April 2013, alleging disability beginning November 26, 2010. (AR 242-54.) She remained insured for DIB through September 30, 2014 and, therefore, was required to establish disability on or prior to that "date last insured" (DLI) to receive DIB benefits. *See* 20 C.F.R. §§ 404.131, 404.321. Her applications were denied initially and on reconsideration.

On December 11, 2014, ALJ Steve Lynch held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 20-40.) On January 9, 2015, the ALJ issued a decision finding plaintiff not disabled. (AR 44-53)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 15, 2016 (AR 4-8), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found that, while plaintiff performed some work for a temporary agency in 2012 and 2014, she had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's hearing loss, depression, and substance abuse severe, and other impairments not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform medium work, but with the need to avoid work around heavy, moving machinery and extremely noisy work environments. He also limited plaintiff to entry level work, with no transactional dealing with the public and only occasional interaction with coworkers and supervisors. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a janitor and laundry worker.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers the ALJ erred in failing to consult a medical expert to infer the onset date of

REPORT AND RECOMMENDATION
PAGE - 3

her post-traumatic stress disorder (PTSD), as required by Social Security Ruling (SSR) 83-20. She also asserts error in the formulation of an RFC that does not adequately account for her hearing problem. She requests remand for further administrative proceedings. The Commissioner agrees in part and disagrees in part, as discussed below.

## Hearing Problem

The Commissioner agrees the RFC did not adequately account for the State agency medical consultants' opinion that plaintiff needed to "avoid even moderate exposure" to noise, and that this error was harmful given the "moderate noise" involved in the jobs identified at step five. (AR 128, 144); Dictionary of Occupational Titles (DOT) 381.687-018 (Industrial Cleaner) and DOT 361.685-018 (Laundry Worker). As agreed by the parties, this matter should be remanded for further consideration of plaintiff's hearing problem.

## Medical Expert

The Commissioner denies any error in the failure to call a medical expert. The Court agrees with the Commissioner no such error occurred. The Court does, however, recommend the ALJ consider all evidence associated with PTSD and any other mental impairments at step two and beyond.

SSR 83-20 addresses when an ALJ should call a medical expert to assist in establishing a disability onset date. If the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 *requires* the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991) (emphasis added); *see also Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) ("where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date");

REPORT AND RECOMMENDATION
PAGE - 4

*Morgan v. Sullivan*, 945 F.2d 1079, 1083 (9th Cir. 1991) (inferring a disability onset date "is not possible without the assistance of a medical expert").

However, the duty to call a medical expert is triggered only once a claimant is deemed disabled. *See* SSR 83-20 (discussing inferring an onset date to establish "the precise date an impairment became disabling); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995) ("Because the ALJ found that Crane could have returned to his prior work and was not disabled, the judge needed no medical expert to determine the onset date of the alleged disability.") Where an ALJ concludes a claimant is "not disabled '*at any time* through the date of [the] decision' . . . , the question of when he became disabled did not arise and the procedures prescribed in SSR 83-20 did not apply." *Sam v. Astrue*, 550 F.3d 808, 810-11 (9th Cir. 2008) (emphasis in original) (distinguishing *Armstrong* and *Morgan*, wherein "there was either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the [DLI], thus raising a question of onset date.") (citing *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004) ("SSR 83-20 addresses the situation in which an [ALJ] makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time.")). *Accord Deberry v. Comm'r of SSA*, No. 08-35832, 2009 U.S. App. LEXIS 24485 at *2-3 (9th Cir. Nov. 6, 2009) ("[B]ecause the ALJ found that DeBerry was not disabled, the need for a medical expert to assist in inferring an onset date did not arise.")

In this case, the ALJ did not find plaintiff disabled. Nor did the ALJ find PTSD or any other mental disorder to constitute a severe impairment at step two. (AR 47.) The ALJ observed that a psychological evaluation conducted by Dr. Todd Bowerly in June 2013 did not result in a PTSD or anxiety disorder diagnosis (*see* AR 450-56), and that plaintiff was not diagnosed with PTSD until March 2014. Plaintiff, at the time of the diagnosis, "exhibited normal mood and affect,

REPORT AND RECOMMENDATION
PAGE - 5

normal speech and behavior, normal thought content, and normal cognition and memory" and the ALJ found the diagnosis appeared to be based entirely on plaintiff's self-report. (*Id.* (citing AR 486).) The ALJ noted plaintiff did not begin mental health treatment until August 2014 and was not prescribed medications until October 2014. He concluded the evidence did not establish PTSD/anxiety for a twelve-month period.

Because there was no determination of disability, SSR 83-20 was not implicated and the ALJ was not required to call a medical expert. The Court, however, disagrees with any suggestion by the Commissioner that the ALJ's step two finding as to PTSD be affirmed. (Dkt. 15 at 4-6.)

The Commissioner states that, because reconsideration of the evidence associated with plaintiff's hearing may affect other aspects of the sequential evaluation process, remand should also include reevaluation of all of the medical evidence, plaintiff's testimony, the lay witness evidence, the RFC, and, as necessary, plaintiff's ability to work at steps four and five. (*See* Dkt. 15 at 3-4.) The Court finds no basis for excluding from this reconsideration any and all evidence associated with PTSD or other mental impairments. It should be noted that the evidence includes both the March and August 2014 PTSD diagnoses considered by the ALJ, and a physician's May 2013 assessment of "Depression/past hx abuse/?PTSD." (AR 439.)

On remand, additional and more recent evidence associated with PTSD or other mental impairments may come to light. Because this case involves claims for both SSI and DIB, the inquiry will not be limited to whether or not plaintiff was disabled on or prior to her DLI. *See generally* 20 C.F.R. § 416.335 (SSI "is not payable prior to the month following the month in which the application was filed") and SSR 83-20 (as a general matter, "the only instances when the specific date of onset must be separately determined for [an SSI] case is when the onset is subsequent to the date of filing or when it is necessary to determine whether the duration

requirement is met.") Moreover, if the ALJ were to find evidence to support disability at a later date, SSR 83-20 may be implicated and necessitate the services of a medical expert and consideration of earlier-dated evidence. *See, e.g., Armstrong*, 160 F.3d at 589-90 (ALJ was required to call a medical expert where disability was already established for SSI benefits and ALJ had to infer onset to determine DIB eligibility in light of DLI); *DeLorme*, 924 F.2d at 847-48 (SSR 83-20 applied where consideration of a psychiatrist's report dated after a claimant's DLI showed the claimant met the criteria for a listing at step three). The ALJ should, therefore, reassess plaintiff's claim as a whole at all steps of the sequential evaluation process.

## CONCLUSION

For the reasons set forth above, this matter should be REMANDED for further administrative proceedings in accordance with the recommendations outlined above.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 21, 2017**.

DATED this 6th day of April, 2017.

Mary Alice Theiler
United States Magistrate Judge